UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EVELYN R.,

                                                                                                                       <u>DECISION AND ORDER</u>

                                Plaintiff,

                                                                                                                        21-CV-6118L

                     v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                Defendant.
_____


      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On July 23, 2018, plaintiff filed an application for supplemental security income, alleging an inability to work since July 1, 2017. (Dkt. #7 at 27). Her application was initially denied. Plaintiff requested a hearing, and one was held on January 28, 2020 before administrative law judge ("ALJ") Christina Young Mein, at which plaintiff (with the assistance of a Spanish language interpreter) and vocational expert Caroline Ward-Kniaz testified. The ALJ issued a decision on April 29, 2020, finding plaintiff not disabled. (Dkt. #7 at 27-39). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 16, 2020. (Dkt. #7 at 1-3). Plaintiff now appeals.

      The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #8), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #9). For the reasons set forth below,

the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.     The ALJ's Decision

Plaintiff was born February 28, 1988, and was 29 years old on the alleged onset date, with a high school education and past relevant work as a cleaner and cook/waitress. (Dkt. #7 at 37-38). Her medical records reflect treatment for the following impairments, which the ALJ found to be severe impairments not meeting or equaling a listed impairment: diabetes mellitus (Type 1), anorexia, posttraumatic stress disorder, depressive disorder, anxiety disorder, right shoulder impingement syndrome, neuropathy, fibromyalgia, and left hip labral detachment (injury to the soft tissues of the hip). (Dkt. #7 at 29).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has no limitation in understanding, remembering, or applying information, no more than a moderate limitation in interacting with others, no more than a moderate limitation in maintaining concentration, persistence, and pace, and no limitation in adapting or managing herself. (Dkt. #7 at 30-31). The ALJ thus concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, except that she cannot reach

overhead with her right upper extremity, kneel, crouch, crawl, or climb ladders, ropes, or stairs. (Dkt. #8 at 15). She can only occasionally stoop. She can understand, remember, and carry out simple and routine tasks that may entail detailed, but uninvolved, instructions. She can sustain persistence and pace for unskilled work tasks in a non-production-paced job. She can occasionally interact with coworkers and supervisors, but cannot interact with the public in her performance of job duties. (Dkt. #7 at 32).

When presented with this RFC as a hypothetical at the hearing, the vocational expert testified that such an individual could perform the representative unskilled, sedentary positions of inspector, sorter, and assembler. (Dkt. #7 at 38). The ALJ accordingly found plaintiff not disabled.

## II. The Appeals Council's Rejection of Post-Decision Evidence

Initially, plaintiff argues that the Appeals Council committed reversible error when it rejected the opinion of treating physician Dr. Laticia Valle, which was submitted after the ALJ's decision was rendered. In an RFC assessment dated September 29, 2020 (five months after the ALJ's decision, but based on a two-year treatment history), Dr. Valle opined that plaintiff suffered from pain and numbness, sweating, and hyper/hypoglycemic symptoms as a result of her "uncontrolled" Type 1 diabetes. (Dkt. #7 at 11-14). She had no exertional, postural, or other limitations, but required the ability "to check [blood] sugars 4 times a day and administer insulin to treat high and low sugars." (Dkt. #7 at 14).

In assessing an appeal, the Appeals Council must review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material, relates to the period on or before the date of the ALJ's decision, and for which there is a reasonable probability that consideration of that evidence would change the outcome of the decision. See 20 C.F.R.

3

§416.1470(a)(5). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

Here, the Appeals Council declined to consider Dr. Valle's opinion, on the grounds that while it was implicitly material and related to the period under review, "this evidence does not show a reasonable probability that it would change the outcome of the decision." (Dkt. #7 at 2).

The Commissioner argues that the Appeals Council's determination was well-founded, because Dr. Valle's opinion was not facially inconsistent with the RFC determined by the ALJ. Specifically, the Commissioner urges that because Dr. Valle did not indicate that four breaks "per day" referred to breaks *during an 8-hour workday*, rather than during a 24-hour period, the three typical breaks provided in an ordinary workday (morning, lunch, afternoon) could presumably accommodate plaintiff's testing needs during working hours: thus, Dr. Valle's opinion, even if fully credited, would not alter the outcome of the ALJ's decision.

While such an interpretation might be attractive in a vacuum, in the context of the record, it cannot be logically presumed that Dr. Valle's reference to four blood sugar testing breaks "per day" referred to a 24-hour day rather than a workday, or that such breaks could be taken on a scheduled basis to synch with typical workday breaks. Indeed, in the only treatment note submitted by Dr. Valle, dated February 7, 2019, plaintiff was instructed to test her blood glucose levels "4-6 times daily," on an unscheduled basis, as needed. (Dkt. #7 at 613-14). Treatment records from other providers contain similar language, reflecting instructions either to "test b[lood] s[ugar] four times a day [as needed]," or to test "6 times a day or as directed." (Dkt. #7 at 617, 619-20). Since Dr. Valle's opinion could be reasonably read to require up to four unscheduled breaks *during the workday* consistent with her treatment instructions to plaintiff to test blood sugars "4-6 times" daily, and "as needed," her opinion cannot be said to be facially consistent with the ALJ's RFC

4

determination, nor is there evidence in the record to indicate whether the need to take multiple unscheduled breaks during a workday would permit performance of any of the jobs identified by the vocational expert.

Because Dr. Valle's opinion was new, material, described limitations during the relevant period, and had a reasonable probability of changing the outcome of the ALJ's decision if it was found persuasive, the Appeal Council erred in declining to remand the matter for consideration of that new and material evidence. Remand is therefore appropriate.

Because I find that remand is appropriate for the consideration of post-decision evidence and the rendering of a new decision, I decline to reach plaintiff's alternative arguments.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #8) is granted to the extent set forth above, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is denied. The matter is remanded for further proceedings consistent with this opinion, to include: (1) consideration of the entire record, including post-decision evidence (i.e., the medical opinion of Dr. Laticia Valle (Dkt. #7 at 11-14)); (2) recontacting Dr. Valle as appropriate to seek clarification of the frequency, duration, and time period relevant to the limitations specified in her opinion; and (3) the rendering of a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 25, 2023.